IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
Duct Utilities & Technologies,    )
 Inc., et al.,                    )
                                  )
                    Plaintiffs,   )  Case No. C-1-02-174
                                  )
    vs.                           )
                                  )
Star Communication Services,      )
 et al.,                          )
                                  )
                    Defendants.   )
```

<u>O r d e r</u>

Plaintiffs initiated this action by filing a complaint on March 12, 2002. On May 14, 2002, Defendants filed an answer and asserted a counterclaim against Plaintiffs and third-party claims against Randall Drew and Christopher Kessen. Plaintiffs and the Third-Party Defendants filed timely answers to Defendants' claims. Subsequently, however, their counsel withdrew; they failed to retain replacement counsel as ordered; and they have failed to participate in any fashion in the prosecution of this action.

On October 3, 2003, Defendants filed four motions in this action. Specifically, they sought dismissal of Plaintiffs' claims for failure to prosecute, summary judgment with respect to their own counterclaim and third-party claims, and entry of default judgment with respect to their counterclaim and third-

party claims as a sanction under Rule 11 and/or Rule 37 of the Federal Rules of Civil Procedure.  Plaintiffs and the Third-Party Defendants failed to timely respond to those motions, and the Court issued an order directing Plaintiffs, but not the Third-Party Defendants, to show cause, on or before November 14, 2003, for the denial of those motions.  Plaintiffs did not respond to that order and have not otherwise opposed Defendants' motions.  In its order to show cause, the Court advised Plaintiffs that it would consider Defendants' motions as unopposed in the event that they failed to timely respond.

With respect to Plaintiffs' claims in this matter, the Court is persuaded that Plaintiffs have failed to prosecute and that Defendants are entitled to dismissal with prejudice.  Plaintiffs did not comply with the August 26, 2002, order of United States Magistrate Judge Timothy S. Hogan pursuant to which the Magistrate Judge ordered them to retain replacement counsel within thirty days.  They have failed to respond to make themselves available to respond to discovery requests as required by the Federal Rules of Civil Procedure.  They failed to appear at a status conference conducted by the Magistrate Judge on May 22, 2003.  Finally, they did not respond to this Court's order to show cause.  On the basis of that evidence, the Court finds that they have failed to prosecute their claims.  Defendants' motion

to dismiss those claims with prejudice (Doc. 21) is hereby **GRANTED**.

Defendants move for summary judgment with respect to their counterclaim and third-party claims. In the memorandum in support of their motion, however, they do not identify the legal basis for a single one of their claims. They cite, generally, the affidavit of Defendant Keever as the evidentiary basis for judgment in their favor, but they do not relate specific portions of that affidavit to legal elements of their claims. The Court is persuaded that Defendants' motion for summary judgment (Doc. 18) is not well-supported. The Court cannot, on the basis of Defendants' submission, determine that they are entitled to judgment with respect to any of their specific claims. Their motion for summary judgment with respect to their counterclaim and third-party claims is hereby **DENIED** without prejudice to its renewal.

Defendants seek the sanction of the entry of default judgment with respect to their counterclaim and third-party claims pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure. The Court observes that Defendants do not represent that they have complied with Rule 11(c)(1)(A) by presenting the non-movants an opportunity to avail themselves of the safe harbor. Accordingly, their motion for sanctions under Rule 11 (Doc. 19) is **DENIED**.

The first basis asserted by Defendants for entry of default judgment pursuant to Rule 37 is the non-movants' failure to retain replacement counsel as ordered by Magistrate Judge Hogan. The Court observes, however, that the Magistrate Judge's order was not "an order to provide or permit discovery." Accordingly, Defendants reliance upon to Rule 37(b)(2) is misplaced.

Defendants next argue that "[t]otal noncompliance with discovery rules justifies default judgment." In support of their motion, Defendants represent that they have attempted to schedule depositions and conduct other discovery, all in conformity with the parties' agreed discovery plan, and have been unsuccessful due to their inability to find Plaintiffs and the Third-Party Defendants at the addresses those parties provided to Defendants and this Court. On the basis of those representations, the Court is persuaded that Plaintiffs and the Third-Party Defendants have failed and refused to participate in discovery in this matter. The Court observes, however, that Defendants have not attempted to obtain orders of this Court compelling responses to discovery requests or attendance at depositions.

The Court concludes that the imposition of the sanction of default judgment pursuant to Rule 37 is premature at this point in this litigation. The Court observes, however, that Defendants have been, and will continue to be, thwarted in their

efforts to conduct discovery unless Plaintiffs and the Third-Party Defendants provide current addresses.  Accordingly, the Court hereby **ORDERS** Plaintiffs and Third-Party Defendants Drew and Kessen to provide, in writing, current addresses to the Court and to counsel for Defendants.  In the event that either of the Plaintiffs and/or either of the Third-Party Defendants fails to comply with this order on or before December 15, 2003, the Court **WILL ENTER JUDGMENT BY DEFAULT** in Defendants' favor with respect to their claims against that party pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure.

      **IT IS SO ORDERED.**

                                        /s/
                            Sandra S. Beckwith
                            United States District Judge