UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DUCT UTILITIES &**
**TECHNOLOGIES, INC.**
**AND FAST POINT ACQUISITION**
**CORP.**
      **PLAINTIFFS**

**CASE NO. C-1-02-174**
**(BECKWITH, J)**
**(HOGAN, M.J.)**

VS.

**STAR COMMUNICATION SERVICES**
**AND DAVID L. KEEVER,**
      **DEFENDANTS**

### REPORT AND RECOMMENDATION

Plaintiff filed a Complaint in this case on March 12, 2002 and asserted claims of breach of contract, fraud, contractual and common law indemnification, and asked for, among other things, injunctive relief. The parties entered into a stock exchange and employment agreement whereby Defendant Keever would sell all of the outstanding stock, 100 shares of Star Communication Services, in exchange for 675,000 shares of Duct Utilities stock, a note for $403,480.00 and an employment contract as an officer and director for a one year period. (See Defendant's Exhibit B). Defendants counterclaimed and asserted fourteen claims, including, breach of contract, fraud, conspiracy and unfair and deceptive trade practices. Defendants' Motion to Dismiss was granted by Judge Beckwith in November, 2003. (See Doc. 24). In December, 2003, Judge Beckwith also granted Defendants' Motion for Sanctions and awarded judgment to Defendants on their Counterclaims against Plaintiffs. (See Doc. 25). The case was then referred to the undersigned Magistrate Judge for a determination of the proper relief to be granted to Defendants. To that end, a hearing was held on January 23, 2004. Evidence consisted of the sworn testimony of David Keever and certain exhibits. (See Defendant's Exhibits A-R)

The Court finds from the evidence elicited that Plaintiffs are shell corporations under the control of their alter-egos Randall A. Drew and C. Christopher Kessen, that Defendant was the

victim of intentional and purposeful fraud and that all Plaintiffs are jointly and severally liable for the acts of these corporate entities.

The Court finds from the evidence that Plaintiffs defaulted on the payment of the $403,480.00 note, due on or before November 30, 2001 with interest at 10% per annum and payable to Defendants, that the outstanding balance on said note on January 19, 2004 was $509,812.57, and that interest thereon accrues at the rate of $110.54 per day.

The Court finds that Defendants were to have received a 675,000 shares of Duct Utilities stock, valued at $10.00 per share and that Defendants' loss from the breached stock exchange agreement was $6,750,000.00.

The Court further finds that Plaintiff lost earnings at the rate of $275,000, the value of his $125,000 annual salary plus benefit package. The employment contract was for a one-year period renewable by mutual agreement. (See Exhibit 3 to Defendant's Counterclaim, Doc. 4). Since there was never any intention to employ Defendant at all, the Court finds that Defendant's loss since May 31, 2001 was $724,731.67 and that said loss continues at the rate of $753.42 per day.

The Court further finds that Plaintiffs breached their promise that all debts of Mr. Keever's company, Star Communications Service, including payroll taxes, were to be paid by Plaintiffs, whether those debts were guaranteed by Defendant Keever and/or his spouse or not. Outstanding debts total $3,049,049.93 and will be subject to additional interest in the future.

The Court finds that as a result of Plaintiffs' willful and intentional conduct, Defendant Keever lost his home, business and professional reputation, and that such losses resulted in severe emotional distress in the claimed amount of $1,200,000.00. The Court finds the Defendant's claimed amount for severe emotional distress to be reasonable and not out of proportion to other losses suffered.

The Court further finds that Defendants lost all assets previously belonging to Star Communication Services, including Defendant's home, automobiles and equipment, the fair market value of which is $1,500,000.00.

The Court further finds that Defendants have had to incur legal and investigative expenses, which to date total $45,000 and will increase because of the necessity to commence and complete collection efforts.

Lastly, the Court finds that Defendant has retained an excellent lawyer whose diligence

and efforts toward his client's best interests has not been overlooked.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Keever recover $13,778,594.17 from Plaintiffs plus interest as indicated above, costs and any additional attorney fees that may be presented to the date of judgment.

February 19, 2004

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Duct Utilities & Technologies, Inc.,
and Fast Point Acquisition Corporation, et al.,
    Plaintiffs,

            CASE NO. 1:02cv174
v.            (Beckwith, J.; Hogan, M.J.)

Star Communication Services, et al.,
    Defendants.

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 2/19/2004. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.