UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUCT UTILITIES & TECHNOLGIES, INC., *et al.*,
 Plaintiffs,

vs.

STAR COMMUNICATION SERVICES, *et al.*,
 Defendants.

Case No. 02-cv-174

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on the motion to revive judgment filed on behalf of movant Sharieff Powell. (Doc. 43).

By way of background, plaintiffs filed their complaint on March 12, 2002, against defendants Star Communication Services and David L. Keever, asserting claims of breach of contract, fraud, and contractual and common law indemnification. *See* Doc. 1, 33. Plaintiffs' counsel later withdrew his representation (Docs. 12, 13) and plaintiffs proceeded pro se. Defendants filed a third-party complaint against plaintiffs (Doc. 4), as well as a motion to dismiss (Doc. 21), a motion for summary judgment (Doc. 18) and motions for sanctions (Docs. 19, 20). Following plaintiffs' failure to respond to any of defendants' motions, the Court granted judgment in favor of defendants on their counterclaims and third-party claims. (Doc. 25). Following a January 2004 hearing on the amount of the judgment, on March 10, 2004, the District Judge adopted the Magistrate Judge's Report and Recommendation that defendants were entitled to damages incurred due to plaintiffs' fraud and entered judgment against plaintiffs in the amount of $13,778,594.17 plus interest. *See* Docs. 34, 35. On March 16, 2005, an amended judgment was entered by the Court upon defendants' motion to amend the judgment to reflect

that the plaintiffs were jointly and severally liable for the judgment as well as defendants' attorney's fees. (Doc. 41).

No activity occurred in this case for nearly a decade until January 30, 2014, when defendant Keever opted to proceed pro se. (Doc. 42). Shortly thereafter, movant Powell filed the instant Motion to Revive Judgment, wherein he contends that, by virtue of an assignment, he became the owner and beneficiary of all rights under the judgment. (Doc. 43). In support, movant Powell submits an Acknowledgment of Assignment of Judgment reflecting defendant Keever's assignment of the judgment to movant Powell. (Doc. 42 at 2). Movant Powell represents that the judgment remains completely unsatisfied to this day and, further, that the judgment became dormant on May 10, 2009, based on the date of the entry of judgment – May 10, 2004. (*Id.*). Movant Powell seeks to revive the judgment for an additional 11 years, the full period permitted by the State of Ohio for judgments awarded prior to June 2004. (*Id.*). Notably, movant Powell does not seek to have himself substituted as the recipient of the judgment but requests that the Court enter an order that the original judgment be revived. The time for filing responsive memoranda has elapsed and this matter is now ripe for review.

The execution of judgments rendered by federal courts is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). In Ohio, "[r]evivor of a dormant judgment is a statutory proceeding." *Columbus Check Cashers v. Cary*, 962 N.E.2d 812, 814 (Ohio Ct. App. 2011). Ohio Revised Code § 2329.07 provides that a judgment becomes dormant five years from the date of the judgment. Ohio Rev. Code. § 2329.07(A)(1). A dormant judgment may be revived "in the

2

manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made. . . ." Ohio Rev. Code § 2325.15. "If sufficient cause is not shown to the contrary, the judgment . . . shall stand revived. . . ." Ohio Rev. Code § 2325.17. The only practical defense to reviving a judgment is a "showing that the judgment has been paid, settled or [is] barred by the statute of limitations. . . ." *Cary*, 962 N.E.2d at 817. The applicable statute of limitations provides that "[a]n action to revive a judgment can only be brought within ten years from the time it became dormant. . ." Ohio Rev. Code § 2325.18(A).

There is no basis in the instant matter from which the Court can discern that the judgment has been paid, settled, or is barred by the applicable statute of limitations. Further, review of the record demonstrates that that the motion has been filed within the applicable ten-year statute of limitations. Consequently, for good cause shown, and in the absence of any opposition, the undersigned **RECOMMENDS** that movant Powell's motion to revive judgment (Doc. 43) be **GRANTED** and that the Court **REVIVE** the judgment issued in favor of the defendants against plaintiffs for $13,778,594.17, together with attorney's fees and interest from March 10, 2004, the date of the original judgment, to March 10, 2009, the date the judgment became dormant, and from the date of revival, March 7, 2014, until the judgment is satisfied.

Date: 3/14/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUCT UTILITIES & TECHNOLGIES, INC., *et al.*,
 Plaintiffs,

vs.

STAR COMMUNICATION SERVICES, *et al.*,
 Defendants.

Case No. 02-cv-174

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Sharieff Powell<br>A+S Judgment Recovery Services<br>621 Beverly Rancocas Rd.<br>Ste. 2C<br>Willingboro, NJ 08046 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 9944 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540